**David BARANSKI, et al., Plaintiffs,**

v.

**Robert SERHANT, et al., Defendants.**

**No. 82 C 6611.**

United States District Court, N.D. Illinois, E.D.

Jan. 25, 1985.

**34**

Robert L. Byman, Thomas P. Sullivan, Jenner & Block, Chicago, Ill., for Saul Stone & Co.

Robert J. Vollen, William D. Kelly, III, Schwartz & Freeman, Robert A. Vanasco, Siegel, Denberg, Vanasco, Shukovsky, Moses & Schoenstadt, Chicago, Ill., for Estate of Fred Ness.

Janet L. Reed, Patrick O'Brien, Mayer, Brown & Platt, Chicago, Ill., for Berwyn Nat. Bank.

William J. Harte, William Rodeghier, William J. Harte, Ltd., Chicago, Ill., for Delmonico.

William T. Dwyer, Jr., Mary Anne Spellman Gerstner, Burke, Griffin, Chomicz & Wienke, Chicago, Ill., for First Bank of Schaumburg.

Jerrold Salzman, Glenna Freeman, Daniel A. Clune, Freeman, Freeman & Salzman, Chicago, Ill., for CME.

Dennis P. Kyros, Chicago, Ill., for Nicholas Kyros.

William M. Phelan, Bernard F. Doyle, Jr., Phelan & Doyle, Ltd., Chicago, Ill., for Donald Judy.

George B. Collins, Collins & Uscian, Chicago, Ill., for K & S Commodities, Inc. and Morris Krumhorn.

Philip M. Bloom, Bloom & Eilen, Chicago, Ill., for Sinclair Global.

Arthur Hahn, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for Ronald M. Schiller.

Joseph E. Coughlin, Lord, Bissell & Brook, Chicago, Ill., for Lawrence Lagrotteria.

Lloyd A. Kadish, Chicago, Ill., for Geitter.

Karla Wright; Donald C. Shine, Nisen, Elliot & Meier, Ron A. Cohen, Martin B. Snow, Cohen & Lau, C. Philip Curley, Edward J. Burke, Burke & Smith, Michael Moirano, Edward R. Joyce, Joyce & Kubasiak, Stephen B. Diamond, Margaret M. Fahrenbach, Beeler, Schad & Diamond, Chicago, Ill., for plaintiffs.

Paul J. Sussman, Sussman & Samson, Chicago, Ill., for Bosco.

Joseph H. Cassell, Wichita, Kan., for Cassell Commodities.

James W. Hathaway, James W. Hathaway & Associates, Chicago, Ill., for Anthony Vaccariello.

Leroy G. Inskeep, Rudnick & Wolfe, Chicago, Ill., for Trustee Serhant Estate.

Stephen Bobo, Chicago, Ill., for CFTC.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on the motion of defendant Lawrence B. Lagrotteria, pursuant to 28 U.S.C. § 1292(b), for permission to appeal the court's order of December 20, 1984. That order denied defendant's Rule 4(j) motion to dismiss. In support of his motion for certification, defendant states that the court's order denying his motion to dismiss involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of this litigation.

## I

The cause presents an interesting set of pleading facts which will be set forth in some detail here. The original *Baranski* complaint was filed in October 1982. Lagrotteria was not named as a defendant. On January 21, 1983, the *Baranski* plaintiffs filed their First Amended Complaint, naming Lagrotteria as a defendant for the first time. Lagrotteria was already a party to a related class action suit before this court, and had been served as a defendant in that action. He was never served with a summons and copy of the First Amended Complaint in this action, however, because plaintiffs' attorneys believed that "in a consolidated action, once jurisdiction has been obtained in one portion of the case, Rule 4(j) does not apply and there is no need to serve that party again."

On October 27, 1983, Lagrotteria filed a petition for bankruptcy. As a result, § 362(a) of the Bankruptcy Code automatically stayed the prosecution of all claims against Lagrotteria. The *Baranski* plaintiffs sued for a determination as to dischargeability of Lagrotteria's alleged debt to them, and moved to modify the automatic stay to proceed against Lagrotteria in this court. During the period of the stay, the *Baranski* plaintiffs filed their Second Amended Complaint, and, on August 10, 1984, their Third Amended Complaint. Both of these complaints named Lagrotteria as a defendant. On September 17, 1984, the Bankruptcy Court granted plaintiffs' motion to modify the stay against Lagrotteria.[1] Three days later, plaintiffs served Lagrotteria with a copy of the Third Amended Complaint.

Subsequently, defendant brought a Rule 4(j) motion to dismiss claiming that service was not effectuated on him within 120 days of the filing of the First Amended Complaint, as required by the federal rules. Plaintiffs, however, believed that they had satisfied the technical requirements of Rule 4(j) because defendant had been served within 120 days of the filing of the Third Amended Complaint. As stated earlier,

they understood that service in a consolidated case made him a party to this action. Plaintiffs further explained that they were unable to serve defendant with a copy of the Second Amended Complaint, as he was the subject of a bankruptcy stay when that was filed. Once the stay was lifted, however, plaintiffs moved immediately to serve defendant with a copy of the operative Third Amended Complaint.

This court denied Lagrotteria's motion to dismiss because it was satisfied that defendant was a party to the class action at the time plaintiffs first named him in their complaint, and that he was properly served within 120 days of the filing of the Third Amended Complaint. The court concluded that he was thus served within the guidelines enunciated by the federal rules "to secure the just, speedy and inexpensive determination of every action." Fed.R. Civ.P. 1. Additionally, the court noted that where defendant was a party to the related class action, he suffered no harm by not being served with the First Amended Complaint.

One consideration in focusing on the liberal construction of the federal rules, rather than the technical requirements of Rule 4(j), was that the court believed defendant's reliance on Rule 4(j) was misplaced. The rule did not take effect until February 26, 1983, and was not in effect when the First Amended Complaint was filed on January 21, 1983. Legislative history does not indicate whether the 120-day limit should apply to a complaint filed before its effective date, but on which service was not made until after its effective date. But the court agrees with the reasoning in *Verri v. State Automobile Mutual Insurance Company*, 583 F.Supp. 302, 306 (D.R.I.1984), where the court held that Rule 4(j) was not effective in such a case, because "it seems unduly harsh to dismiss a complaint for failure to comply with a rule not in existence when it was filed ..."

In cases where Rule 4(j) does not apply, a court must examine the law on Rule 4 as it

---

1. That modification is now on appeal to this court.

existed prior to the introduction of Rule 4(j). Rule 4(a) had no time limits, and a dismissal pursuant to the Rule could only be had where plaintiff had not exercised due diligence to perfect service, and the delay substantially prejudiced defendants. *H. Alpers & Associates v. Omega Precision Hand Tools, Inc.*, 62 F.R.D. 408 (E.D. Pa.1974). Neither of these factors was present here. Plaintiffs' attorneys had exercised diligence in serving defendant once the bankruptcy stay was lifted; and he was not prejudiced by the delay in service because of his involvement in the related class action suit. Accordingly, the motion to dismiss was denied.

## II

Defendant now moves to amend the court's order to permit an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). That Rule requires a district judge to certify in writing that he is "of the opinion that (the order) involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ..." *Id. Also see Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1497–98 (7th Cir. 1983). Both components must be present for a district judge to certify an appeal.

This case presents a peculiar set of facts, and presents a question which has not been ruled on in this circuit, namely, whether the 120-day limit of Rule 4(j) runs from the date of filing of a first complaint naming a party as a defendant. While this is a unique issue, the very fact that it has never before been presented does not necessarily make it a matter of substance, so as to warrant an interlocutory appeal. *See Barrett v. Burt*, 250 F.Supp. 904 (S.D.Iowa 1966), where the court stated that:

> The mere fact that there are no cases interpreting the language involved herein does not necessarily create substantial grounds for difference of opinion.

Where it is doubtful that Rule 4(j) even applies in this case, the court does not find

that the issue presented involves a "controlling question of law as to which there is substantial ground for difference of opinion."

Nor does this court believe that an appeal would materially advance the litigation. The case has been proceeding since 1982; a discovery cutoff date has been set for March, 1985, and trial is scheduled to begin on July 8, 1985. An interlocutory appeal at this time would result in further delay. Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial. *See* 16 Wright & Miller, *Federal Practice & Procedure*, § 3930; *State Teachers Retirement Board v. Fluor Corp.*, 84 F.R.D. 38 (D.C.N.Y.1979).

Section 1292 is used sparingly by courts, and used only in exceptional cases. *Vaughn v. Regents of the University of California*, 504 F.Supp. 1349, 1355 (D.C. Cal.1981). The cause before the court is not such a case. The court does not find that appellant has sustained his burden in proving that appeal of the court's order involves either a controlling question of law, or that an appeal would advance the determination of the litigation, as required by 28 U.S.C. § 1292(b). Accordingly, the motion to amend the court's order to include findings for an interlocutory appeal is denied.