**Barbara COLEMAN, Plaintiff-Appellant,**

v.

**Johnny B. HOLMES, Jr., Harris County District Attorney's Office, and Harris County, Defendants-Appellees.**

No. 85–2847
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 21, 1986.

Washington & Randle, Larry Q. Evans, Houston, Tex., for plaintiff-appellant.

John Mahoney, Houston, Tex., for Harris County, Tex.

Ray Elvin Speece, General Counsel, Office of the Dist. Atty., for John B. Holmes, Jr.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

This appeal invites our first application of Fed.R.Civ.P. 4(j), which became effective February 26, 1983. Barbara Coleman appeals a judgment dismissing her claims under Title VII, 42 U.S.C. §§ 2000e *et seq.,*

and 42 U.S.C. § 1981. Finding that Coleman failed to serve the defendants within 120 days, as required by Rule 4(j), we affirm.

## FACTUAL BACKGROUND

Coleman, formerly an employee of the Harris County, Texas, District Attorney's Office, filed a class action against the county and Johnny B. Holmes, its District Attorney, alleging racial discrimination in promotions. The complaint was filed on February 14, 1983 and process was issued that date but was not served. On February 26, 1983 the newly-enacted Rule 4(j) of the Federal Rules of Civil Procedure took effect.[1] Exactly eight months later plaintiff's counsel secured and promptly served new process.

Acting *sua sponte*, on October 31, 1983 the district court applied Rule 4(j), and dismissed the action. On motion of the plaintiff the action was reinstated in December 1983. The defendants then moved for dismissal, invoking Rule 4(j). The district court again dismissed and, on plaintiff's subsequent motion, again revived the action. In September 1985 the trial court denied class certification and scheduled Coleman's individual claims for trial in November. On November 1, 1985, the court granted defendants' motions for summary judgment. That judgment was entered on November 4, 1985.

On December 3, 1985 Coleman moved for an extension of time in which to appeal, concurrently submitting a notice of appeal. On December 11, 1985 the court granted the extension motion.

## JURISDICTION—TIMELINESS OF APPEAL

Maintaining that the district court abused its discretion in extending the time of appeal, Fed.R.App.P. 4(a)(5), the appellees challenge our jurisdiction. The contention is not supported by the facts reflected in this record. The notice of appeal was timely filed.

■■■■ The 30-day period in which to notice an appeal "runs from the 'date of entry of the judgment or order appealed from,' Fed.R.App.P. 4(a)(1), and not from the date of the filing of the order." *Barksdale v. Blackburn*, 670 F.2d 22, 23–24 (5th Cir.), *cert. denied*, 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982). *See also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 746 F.2d 278 (5th Cir.1984), *vacated in part on other grounds*, 760 F.2d 86 (1985), *aff'd en banc*, 784 F.2d 665 (1986). Although the final judgment was filed on November 1, it was not entered until November 4. Accordingly, Coleman had until December 4 to notice her appeal. The clerk's receipt stamp shows that the notice of appeal was received by the clerk on December 3. The appeal is therefore timely, even though the notice of appeal was not actually entered by the clerk until December 11, the date on which the court granted the motion for extension of appeal time. *See Deloney v. Estelle*, 661 F.2d 1061 (5th Cir.1981), *appeal reinstated on other grounds*, 679 F.2d 372 (1982). The extension was not needed; the notice was timely deposited with the clerk of court.

## ANALYSIS

The sole issue we address is whether Fed.R.Civ.P. 4(j) applies to actions which were pending on February 26, 1983 where process was not issued by the clerk until after that date.

Congress delayed the effective date of Rule 4(j) for 45 days after its enactment to allow lawyers and the marshal service, di-

---

1. Fed.R.Civ.P. 4(j) provides:

    If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

    Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97–462, §§ 4–5, 96 Stat. 2527, 2530 (1983).

vested of sole responsibility for serving process by the 1983 amendments to Rule 4, an opportunity to prepare for the new service routines. Although limited, the legislative history indicates that Congress did not intend Rule 4(j) to apply to "service of process issued before the effective date [of the Rule, and that service] is to be made in accordance with current Rule 4." 128 Cong.Rec. H 9848, H 9852 (Dec. 15, 1982), *reprinted* in 96 F.R.D. 116, 122–23, and in 1982 U.S.Code Cong. & Admin.News 4434, 4447 (section-by-section analysis of Rule 4 by Cong. Edwards). As one commentator has accurately suggested, "[t]he date of issuance of the summons ... is apparently to be the determinant as to whether Rule 4(j) is to be applied." Siegel, *Practice Commentary on Amendment of Federal Rule 4 with Special Statute of Limitations Precautions*, 96 F.R.D. 88, 93.

■ Although process was issued immediately upon the filing of the complaint on February 14, 1983, that process was never served. Plaintiff subsequently secured new process on October 25 and caused its prompt service. The issue as now focused is simply stated. Did Coleman have 120 days to secure and serve process from and after the effective date of Rule 4(j), or did her 120-day service period commence on the day the new process was issued? We conclude the former is consistent with both the statutory language and congressional intent.

We hold that Rule 4(j) is applicable to the service of process in this case and that the 120-day period began accruing on its effective date, February 26, 1983. We are not persuaded that when Congress made the new Rule inapplicable to process issued before February 26, 1983 it intended to allow those who had filed suit before that date to have more than 120 days to effect service. Congress apparently did not intend to give persons filing suit before the new rule less time than those who filed afterwards. But we find no logic in the argument that those filing before February 26, 1983 had unlimited time in which to complete service but those filing after that

date had only the allowed 120 days. We find nothing to indicate a congressional intent to favor the pre-Rule filings. Appellant argues for 120 days from and after the date process was issued. We decline to give Rule 4(j) that interpretation and hold that the 120-day period commenced on February 26, 1983 for all pending cases.

Coleman's reliance on *Verri v. State Automobile Mut. Ins. Co.*, 583 F.Supp. 302 (D.R.I.1984) is misplaced. That case is inapposite, since the process there was issued before February 26, 1983. In the case at bar the challenged process issued after 4(j) became the law. The only case brought to our attention which supports Coleman's contention is *Baranski v. Serhant*, 602 F.Supp. 33 (N.D.Ill.1985), in which the court declined to apply Rule 4(j) for equitable reasons, involving, *inter alia*, timely service in a consolidated case, a pending class action, and an intervening bankruptcy. None of those equitable considerations apply in Coleman's action. The *Baranski* court held that the 120-day period did not begin to run on the date the amended complaint adding the challenging defendant was filed. The *Baranski* court did not hold that the 120-day period did not begin to run on the effective date of Rule 4(j) as we hold today. Even if *Baranski* were taken to hold otherwise, we would not find it persuasive. *Compare Sanders v. Marshall*, 100 F.R.D. 480 (W.D.Pa.1984).

Rule 4(j) applies to Coleman's action. She failed to meet its requirements and offered no adequate reason for her failure to do so, even though the Rule was applied by the trial court on two prior occasions, once *sua sponte* and once pursuant to defendant's motion, and again considered on the two motions to revive. It was not until this appeal that she contested the rule's applicability. We remain unconvinced.

The judgment of the district court is AFFIRMED.