**Louella F. BENSON,**
**Plaintiff-Appellant,**

v.

**Forest BEARB, et al.,**
**Defendants-Appellees.**

No. 86–4355
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1987.

Louella F. Benson, pro se.

Homer Ed Barousse, Jr., Crowley, La., Charles Brandt, Lafayette, La., for defendants-appellees.

Before GEE, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir.1985). An appeal in a civil case must be filed within thirty days after the entry of a final or otherwise appealable judgment. Fed.R.App.P. 4(a)(1). The thirty-day deadline is strictly construed and applies to parties proceeding pro se as well as to those assisted by counsel. *See Ryals v. Estelle*, 661 F.2d 904, 905–06 (5th Cir.1981).

In this case, no valid notice of appeal was ever filed with this court. On April 8, 1986, the district court entered summary judgment in favor of the defendants Arceneaux, Goss, and Southern American Insurance Co. On April 15, 1986, the plaintiff, Benson, filed a motion for reconsideration which was denied by the district court on May 7, 1986. A notice of appeal from this ruling, as well as from the grant of summary judgment was filed with this court on May 19, 1986. This notice of appeal was a nullity because the district court's grant of summary judgment was in favor of only three of the five defendants. Fed.R.Civ.P. 54(b) provides that decisions which adjudicate the rights and liabilities of less than all the parties are not final decisions and hence are not appealable.

Judgment against all parties was therefore not entered in this action until the district court dismissed the final defendant, Forest Bearb and his estate, on May 15, 1986. *See* Fed.R.Civ.P. 54(b). On May 16, Benson filed a "Motion for Reconsideration." This post-judgment motion, which requested the court to alter or amend the judgment, was served within ten days of the judgment, and therefore must be considered as having been made under Fed.R. Civ.P. 59(e). *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.1986) (en banc).

On June 6, 1986, the district court denied Benson's Rule 59(e) motion. Fed.R. App.P. 4(a)(4) provides that a timely notice of appeal must be filed *after* the district court's disposition of a Rule 59(e) motion, regardless of whether a notice of appeal had been filed prior to the disposition of the motion. Since no notice of appeal was filed after the district court's denial of her Rule 59(e) motion for reconsideration, Benson has failed to file a timely notice of appeal. Such a failure means that we lack jurisdiction over this appeal and mandates dismissal. *Robbins v. Maggio*, 750 F.2d 405, 408 (5th Cir.1985).

Benson's motion to supplement is therefore denied as moot, and the appeal is DISMISSED.