Anthony Ray ARCHER, Petitioner-Appellant,

v.

James A. LYNAUGH, Interim Director, Texas Department of Corrections, Respondent-Appellee.

No. 86–2944.

United States Court of Appeals, Fifth Circuit.

July 16, 1987.

---

Anthony Ray Archer, pro se.

Jim Mattox, Atty. Gen., Margaret Portman Griffey, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The strict provisions of Federal Rule of Appellate Procedure 4(a)(1), which requires that a notice of appeal in a civil action be filed within thirty days of judgment and has been interpreted as jurisdictional, and Rule 4(a)(4), under which certain post-judgment motions nullify a notice of appeal, preclude our forgiveness on equitable grounds of a belated appeal by a pro se habeas corpus petitioner who failed to act timely because he did not understand these complicated procedural rules. We suggest, however, that, in the future, district courts take steps to advise persons acting pro se of the requirements of Rules 4(a)(1) and 4(a)(4).

In 1980, Anthony Ray Archer was convicted by a jury of aggravated robbery. Pursuant to the Texas Habitual Offender Statute, he was sentenced to forty-five years imprisonment. After his conviction had been affirmed by the Texas Court of Criminal Appeals, Archer filed this action under 28 U.S.C. § 2254 (1982) alleging that (1) the state had failed to prove three elements of the crime charged; (2) the jury charge was fundamentally defective because it allowed him to be convicted on a theory not alleged in the indictment; and (3) the Texas aggravated robbery statute is overbroad and void for vagueness.

Without an evidentiary hearing, the federal magistrate to whom the case was referred recommended that Archer's petition be denied. He also denied Archer's motion for appointment of counsel. Archer filed timely objections to the magistrate's report. Adopting the magistrate's report, the district court denied Archer's petition in a judgment entered November 3, 1986. On November 6, 1986, Archer served a "Motion to Request that the Judge Review the Record" in which he asked the district court to review the record de novo. Archer then filed a notice of appeal on November 14, 1986. On December 19, 1986, the district court denied Archer's motion. Archer

did not file a notice of appeal after this action was taken.

On March 27, 1987, this court dismissed Archer's appeal for failure to file a timely notice of appeal. We held that Archer's November 6 motion was a timely Federal Rule of Civil Procedure 59(e) motion which nullified his November 14 notice of appeal, and, because he had failed to file a new notice of appeal after the district court had denied the motion, the appeal was too late. Archer filed a motion to reconsider, stating that he did not know that his November 6 motion would be considered a Rule 59(e) motion. He states that he had read Rule 59(e) and Federal Rule of Appellate Procedure 4 and that neither rule lists a "Motion to Request that the Judge Review the Record" as a motion that nullifies a notice of appeal. As a layman, therefore, he could not be reasonably required to know that such a motion suspends the appeal time. He also states that, because this court on November 14, 1986 informed him that he was required to file a motion for the right to proceed in forma pauperis and mentioned nothing else, and he complied on November 18, 1986, it was reasonable for him to assume that his appeal was properly filed. The argument invokes equitable relief but we lack the power to temper the strict pleading rule.

■■■ Habeas corpus is a civil action.[1] Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that the notice of appeal in a civil action be filed within thirty days of judgment.[2] This time limitation is jurisdictional; lack of a timely notice of appeal mandates dismissal of the appeal.[3]

According to Rule 4(a)(4) of the Federal Rules of Appellate Procedure, as we have previously noted, "timely post-judgment motions based upon Fed.R.Civ.P. 50(b), 52(b), 59(a), and 59(e) suspend the notice of appeal deadline. Once these motions are ruled upon the notice of appeal period runs from the date of that ruling."[4] A timely Rule 59(e) motion, therefore, not only suspends the time for filing a notice of appeal, but also renders any notice of appeal filed before the disposition of the motion a nullity.[5]

In *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* this court established a bright-line rule: any motion to alter or amend a judgment served within ten days of judgment that does not raise a mere clerical error must be considered a Rule 59(e) motion that suspends the time for filing a notice of appeal.[6] *Harcon Barge* applies to pro se plaintiffs.[7]

A motion that raises a mere clerical error is, however, a Rule 60(a) motion which does not suspend the appeal time.[8] In *Harcon Barge,* we stressed that the scope of Rule 60(a) is limited. Rule 60(a) applies if the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. " 'Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.... If of this sort, it matters not whether the magistrate committed it—as by mistakenly drafting his own judgment—or whether his clerk did so ... the law does not regard such trifles. In such instances the judgment can be corrected to speak the truth.'

**1.** P. Low & J. Jeffries, Federal Courts and the Law of Federal and State Relations 652 (1987).

**2.** *Coleman v. Holmes,* 789 F.2d 1206, 1207 (5th Cir.1986).

**3.** *Robbins v. Maggio,* 750 F.2d 405, 408 (5th Cir.1985).

**4.** *Huff v. International Longshoremen's Association, Local 24,* 799 F.2d 1087, 1089 (5th Cir. 1986).

**5.** *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir.) (en banc), *cert. denied,* —— U.S. ——, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

**6.** *Id.; Baker Industries, Inc. v. Howard Electrical and Mechanical, Inc.,* 794 F.2d 965, 966–67 (5th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 402, 93 L.Ed.2d 355 (1986).

**7.** *Benson v. Bearb,* 807 F.2d 1228, 1229 (5th Cir.1987) (per curiam).

**8.** *Harcon Barge,* 784 F.2d at 667.

"[9] "A Rule 60(a) motion 'can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'"[10]

In *In Re Galiardi*,[11] the federal district court in Texas transferred a case to New York but did not specify the basis for the transfer in its order. Pursuant to the defendant's Rule 60(a) motion, the court subsequently amended its order to specify the basis for the transfer. This court held that Rule 60(a) did not give the district court the power to enter this amendment. The court reasoned that Rule 60(a) permits a district court "to correct omissions in a judgment that had been intended at the time of its entry. However, the rule does not grant a district court carte blanche to supplement by amendment an earlier order by what is subsequently claimed to be an oversight or omission."[12]

 Archer's motion requesting the district court to review the record de novo was a timely Rule 59(e) motion because it was served within ten days of judgment and did not raise a clerical error. Archer sought de novo review by the district court. Although the motion was not so denominated, it was a request that the district court reconsider its adoption of the magistrate's report. It was therefore a request that the district court alter or amend its judgment. Since no notice of appeal was filed after the Rule 59(e) motion was denied and the time for filing has long since expired, this court lacks jurisdiction to hear this appeal.

Archer has been proceeding pro se, but in *Nelson v. Foti*[13] we held that the district court clerk's failure to provide a pro se prisoner plaintiff with notice of entry of judgment did not excuse that litigant from the Rule 4 time limit.

In *Averhart v. Arrendondo*,[14] confronted with a similar futile effort to appeal, the Seventh Circuit instructed its district judges that, when they deny a Rule 59(e) motion, filed by a pro se litigant, they should state in their order that, if the movant wants to appeal either from the order or from the original judgment, he must file a new notice of appeal within the applicable time period. Such a notice would not be inappropriate even in cases in which the motion is filed by counsel. We suggest the same course to district judges so that others may not be put unwittingly in the same plight as Archer.

For these reasons, the judgment is AF-FIRMED.

9. *Id.* at 668–69 (quoting *Dura-Wood Treating Co. v. Century Forest Industries, Inc.,* 694 F.2d 112, 114 (5th Cir.1982)).

10. *In Re Galiardi,* 745 F.2d 335, 337 (5th Cir. 1984) (per curiam) (quoting 11 Wright & Miller, Federal Practice and Procedure, § 2854, at 149 (1973)).

11. 745 F.2d 335 (5th Cir.1984) (per curiam).

12. *Id.* at 337.

13. 707 F.2d 170, 172 (5th Cir.1983) (per curiam).

14. 773 F.2d 919, 920 (7th Cir.1985).