Clifford CRAIG, Plaintiff–Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections, et al.,
Defendants–Appellees.

No. 87–6266
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 26, 1988.

Clifford Craig, pro se.

Before RUBIN, REAVLEY, and
SMITH, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

If a complaint is dismissed as frivolous
before it has been served on the defendant,
must a motion to vacate the judgment be
served to be effective under Federal Rule
of Civil Procedure 59(e)? Our answer is
that it need not be. The pro se plaintiff's
motion to vacate, therefore, nullified his
contemporaneously filed notice of appeal,
and because he filed no new notice, we
dismiss his appeal for want of jurisdiction.

## I.

Clifford Craig, an inmate of the Texas
Department of Corrections proceeding pro
se, brought an action against TDC's Di-
rector, now James A. Lynaugh; the ward-
en of the Department's Beto One Unit,
Terry L. Terrell; and an officer at the Beto
One Unit, Curtis Mercano. In his original
complaint, Craig alleged that Officer Mer-
cano had accosted him, taken his identifica-
tion card and thrown it on the floor, threat-
ened him, and, shortly thereafter, struck
his chest and forehead repeatedly against
the bars of a jail cell. Craig sought dam-
ages and an injunction against future as-
saults.

In accordance with the procedure ap-
proved by this court in *Spears v. McCot-
ter,*[1] the district court held a summary
hearing before process was served on the
defendants and, of course, without requir-
ing an answer or other appearance by
them. The court then filed a memorandum
order on March 16, 1987, dismissing the
complaint as frivolous under 28 U.S.C.

---

1. 766 F.2d 179 (5th Cir.1985).

§ 1915(d). The order did not comply with the requirement of Federal Rule of Civil Procedure 58 that every judgment be set forth on a separate document.

Almost five months later, on August 10, Craig filed a motion to vacate the judgment, invoking Federal Rule of Civil Procedure 60(b), without serving the motion on the defendants. On the same day, he filed a notice of appeal from the order dismissing the suit. A few weeks after these filings, on August 31, he petitioned for a writ of habeas corpus ad testificandum, bringing forth new allegations. He claimed the defendants had charged him with and found him guilty of three disciplinary violations and had punished him by loss of his status as a trusty, forfeiture of 730 days of good time, and demotion in line status, and that the defendants had taken these measures in a manner inconsistent with the procedures required by the decree in *Ruiz v. Estelle*[2] and due process. Finally, on October 7, Craig filed another pleading, a "supplemental complaint," in which he alleged that he had become ill from stomach worms because prison food had not been properly sanitized or preserved.

On November 17, 1987, the district court denied Craig's motion to vacate its order dismissing his complaint and also denied his habeas corpus petition. The same day, the court entered final judgment against Craig pursuant to Rule 58 "for the reasons stated in this court's order of March 16, 1987." A week later, the court on its own motion directed the clerk of court "to open a new file for the claims of the Plaintiff addressed in his supplemental complaint filed October 7, 1987, which were not sub-ject to this court's Order of Dismissal filed March 16, 1987, and Final Judgment filed November 16, 1987, [sic] and [which] remain for resolution."

## II.

Because the district court did not rule on the claims in Craig's supplemental complaint but ordered them placed in a new file, and because those claims are independent of the allegations in Craig's earlier pleadings, the supplemental claims are not before us and we express no opinion concerning them.

The issue before us is whether we have jurisdiction to consider Craig's earlier claims. The answer depends on the characterization of his Rule 60(b) motion to vacate the judgment. Although Craig labeled his motion with a Rule 60(b) tag, it challenged the correctness of the order of dismissal, and hence, provided it was served within 10 days of entry of judgment, it was in legal effect a Rule 59(e) motion that activated the provisions of Federal Rule of Appellate Procedure 4(a)(4).[3] If so, then under Rule 4(a)(4) the motion would have destroyed Craig's contemporaneously filed notice of appeal; and because he did not file a new notice of appeal after the district court disposed of the motion on November 17, we would lack jurisdiction.[4]

If, however, the motion to vacate was not timely as a Rule 59 motion, it could not have tolled the time period or nullified the notice of appeal.[5] The notice, therefore, would have become effective and conferred

---

**2.** 503 F.Supp. 1265 (S.D.Tex.1980), *aff'd in part and vacated in part,* 679 F.2d 1115 (5th Cir.), *amended in part,* 688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

**3.** *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir.) (en banc), *cert. denied,* — U.S. ——, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). Rule 4(a)(4) provides in relevant part:

If a timely motion under [Rules 50(b), 52(b), or 59 of] the Federal Rules of Civil Procedure is filed in the district court by any party ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

**4.** *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).

**5.** *McGoldrick Oil Co. v. Campbell, Athey & Zukowski,* 793 F.2d 649, 652–53 (5th Cir.1986); *see also Harcon Barge,* 784 F.2d at 667.

appellate jurisdiction once the district court entered final judgment on November 17.[6]

Because of the court's failure to comply with Rule 58 in its March 16 order of dismissal,[7] the judgment was not final at the time of Craig's motion to vacate. This fact does not affect the timeliness of the motion to vacate, however, for when such a motion is made before the entry of the judgment on a separate document, as it was here, the motion is nevertheless effective.[8] Rule 59(e) and our cases, however, require that a motion to alter or amend a judgment must be served on the opposing party "not later than 10 days after entry of the judgment."[9] As we have noted, Craig did not serve the motion.

The issue then is whether the motion to vacate is effective as a Rule 59(e) motion although it was not served. Because the district court dismissed the complaint before it had been served, the defendants never received notice of its allegations. To require service in order to proceed on the motion to vacate, therefore, would require the defendants to respond to a matter never before brought to their attention. This result would undermine the policy of § 1915(d) and *Spears* that defendants not be burdened with responding to frivolous prisoner pro se claims.[10] The Court of Appeals for the Sixth Circuit has dealt with this situation by holding that, if the defendant has never been served, a Rule 59(e) motion filed within 10 days after entry of judgment is timely and valid.[11] This circuit has noted the question but has not resolved it.[12]

The Sixth Circuit's solution appears to be the simplest and most consistent with the overall structure of the rules. We also see benefit in having a consistent approach between circuits. If a judgment has been entered, a Rule 59(e) motion, or its legal equivalent, filed within 10 days after the date of entry of judgment is timely even though it has not been served on the defendants; it therefore suspends the time for appeal and nullifies a previous notice of appeal. If, as here, a judgment has not been entered at the time of the motion, the unserved motion is timely whenever filed and has the same effect.

Because Craig's motion to vacate, though unserved, was timely filed, it nullified his contemporaneously filed notice of appeal. Because he failed to file a new notice of appeal after disposition of the motion, we lack jurisdiction to review either the underlying judgment of dismissal or the denial of his motion to vacate. Even if, moreover, Craig's petition for habeas corpus must be treated as a separate matter, he failed to file a notice of appeal after the dismissal of that petition, and so we are without jurisdiction to review that dismissal.

Although Craig is acting pro se and doubtless did not understand these complicated procedural rules, we lack equitable authority to forgive his noncompliance.[13] We reemphasize our recent suggestion to district judges, however, that on disposing of a Rule 59 motion, they inform the pro se litigant that he must file a new notice of appeal in timely fashion.[14]

For these reasons, the appeal is DISMISSED for want of jurisdiction.

**6.** Fed.R.App.P. 4(a)(2).

**7.** *Simon v. City of Clute, Texas,* 825 F.2d 940 (5th Cir.1987).

**8.** *See Trinity Carton Co. v. Falstaff Brewing Corp.,* 816 F.2d 1066, 1069 (5th Cir.1987).

**9.** *See also Harcon Barge,* 784 F.2d at 667.

**10.** *See also Cay v. Estelle,* 789 F.2d 318, 319 (5th Cir.1986); *Green v. McKaskle,* 788 F.2d 1116, 1119–20 (5th Cir.1986).

**11.** *Bishop v. District of Columbia,* 836 F.2d 549 (6th Cir.1987) (unpublished and available on WESTLAW, 1987 WL 27501); *Brevard v. Owens,* 826 F.2d 1062 (6th Cir.1987) (unpublished and available on WESTLAW, 1987 WL 38441).

**12.** *Thompson v. Lynaugh,* No. 87–6207 (5th Cir. Jan. 19, 1988) (unpublished).

**13.** *Archer v. Lynaugh,* 821 F.2d 1094, 1095 (5th Cir.1987).

**14.** *Id.* at 1097.