894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry N. BODE, Plaintiff-Appellant,
v.
John GLUCH; Bobbie Neely; Anderson, Defendants-Appellees.
 No. 89-2216.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's November 17, 1989, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. He responded by stating that he was transferred to a different institution in January of 1989, advised the court of his address change, and believes there were communication problems between the courts and the Bureau of Prisons in the first half of 1989. Appellant has also filed a motion for appointment of counsel.
 
 
 2
 A review of the record indicates that the judgment of the district court was entered April 24, 1989. Defendants were not served with the complaint. A motion for interpleader dated May 10, 1989, was filed on May 16, 1989, and construed as a motion for reconsideration. This motion was not served or filed within ten days of entry of judgment as required by Fed.R.Civ.P. 59 and failed to toll the appeal period. McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 n. 1 (6th Cir.1989) (per curiam); Smith v. Evans, 853 F.2d 155, 161-62 (3d Cir.1988); Craig v. Lynaugh, 846 F.2d 11, 13 (5th Cir.1988), cert. denied, 109 S.Ct. 2436 (1989). Reconsideration was denied by order entered June 7, 1989. The notice of appeal filed October 23, 1989, was four months late from the final judgment. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the motion for counsel be denied and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.