905 F.2d 1538
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger HARRISON, Plaintiff-Appellant,
Ernest McDaniels, et al., Plaintiffs,
v.
John JABE, Defendant-Appellee.
 No. 90-1232.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's motions for appointment of counsel and miscellaneous relief.
 
 
 2
 A review of the record indicates that the judgment of the district court was entered January 31, 1990. A motion for reconsideration was filed February 7, 1990. Such motion was served upon two district court judges on February 2, 1990, but not served upon counsel for the appellee because the appellant's legal property, which contained opposing counsel's address, was lost by prison authorities. Such motion was brought within ten days of entry of the judgment. Although the motion was not served upon opposing counsel, appellant stated the reason for his failure to serve counsel in the motion filed February 7, 1990, as well as in his February 12, 1990, notice of appeal. A motion for reconsideration served within ten days of entry of judgment can be properly construed as a time-tolling Fed.R.Civ.P. 59(e) motion. See Craig v. Lynaugh, 846 F.2d 11, 13 (5th Cir.1988), cert. denied, 109 S.Ct. 2436, 106 L.Ed.2d 614 (1989); Kennedy v. City of Cleveland, 797 F.2d 297, 304-05 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). The motion for reconsideration in the instant case was served upon the district court within ten days and an explanation given as to why service was not effected upon counsel. Therefore, the motion is deemed to have tolled the appeal period. See Fed.R.App.P. 4(a)(4). A notice of appeal was filed February 12, 1990. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a timely Rule 59 motion shall have no effect. Osterneck v. Ernst & Whinney, 109 S.Ct. 987, 990, 103 L.Ed.2d 146, 153 (1989). A timely notice of appeal is mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam).
 
 
 3
 It is ORDERED that the motions for counsel and miscellaneous relief be denied and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.