905 F.2d 1539
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome Jerry SULLIVAN-BUSMAN, Plaintiff-Appellant,
v.
TRW, INC., et al., Defendants-Appellees.
 No. 90-3251.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1990.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the record indicates that the district court's final order dismissing the action for failure to perfect service was entered February 23, 1990. A motion for reconsideration was filed March 1, 1990, which was within ten days after entry of the decision and is properly treated as a Fed.R.Civ.P. 59(e) time-tolling motion. See Craig v. Lynaugh, 846 F.2d 11, 13 (5th Cir.1988), cert. denied, 109 S.Ct. 2436 (1989); Kennedy v. City of Cleveland, 797 F.2d 297, 305 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). A notice of appeal was filed March 16, 1990. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a timely Rule 59 motion shall have no effect. A timely notice of appeal is mandatory and jurisdictional. Osterneck v. Ernst & Whinney, 109 S.Ct. 987, 990 (1989); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). The motion for reconsideration was denied on March 23, 1990. No new notice of appeal was filed.
 
 
 3
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.