940 F.2d 652
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Leon FRANCIS, Plaintiff-Appellant,
v.
COMMONWEALTH OF VIRGINIA, Virginia Department of
Corrections, L. Douglas Wilder, Governor, Edward
W. Murray, Director of Department of
Corrections, Robert Kelley,
Warden, Defendants-Appellees.
 Nos. 91-7126, 91-7433.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1991.
Decided Aug. 14, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-90-1681-N)
 Douglas Leon Francis, appellant pro se.
 E.D.Va.
 NO. 91-7126 AFFIRMED AND NO. 91-7433 DISMISSED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Douglas Leon Francis, a Virginia state inmate, appeals two orders of the district court. The first order dismissed his action filed pursuant to 42 U.S.C. Sec. 1983 without prejudice for failing to show exhaustion of administrative remedies. The second order denied his motion made pursuant to Fed.R.Civ.P. 59(e). Although we find that Francis's first notice of appeal was nullified by his Rule 59(e) motion, a second notice of appeal gave this Court jurisdiction to consider both orders.
 
 
 2
 Francis filed his complaint alleging deficient living conditions at the facility in which he was confined. The district court ordered that Francis show administrative exhaustion of his claims or risk dismissal of his complaint. Francis failed to submit the proof of exhaustion and the district court dismissed his complaint without prejudice. Francis filed a notice of appeal within days of the order dismissing his complaint. Three days later, Francis filed a motion which he stated was made pursuant to Fed.R.Civ.P. 60. He asked for a "new trial or that the judgment be altered" because he said that he believed another inmate was handling his litigation and filing the necessary proof of administrative exhaustion. The district court denied Francis's motion.
 
 
 3
 Within 60 days of the district court's order denying his motion, Francis submitted a letter to this Court which was forwarded to the district court. The district court construed this letter as a motion for extension of time to file a new appeal and a notice of appeal.
 
 
 4
 A motion served within 10 days of the entry of a final order which calls into question the correctness of that order is treated as a Fed.R.Civ.P. 59(e) motion, however it is styled. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). Francis's motion which he labeled as a Rule 60 motion was filed[1] within 10 days of the entry of the district court's order and called into question the correctness of it. Therefore, it must be treated as a Rule 59(e) motion. Id.
 
 
 5
 A timely Rule 59(e) motion nullifies a notice of appeal filed before disposition of the motion and tolls the appeal period until the court rules upon the motion. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam); Dove, 569 F.2d at 809; Fed.R.App.P. 4(a)(4). Francis's first notice of appeal was filed prior to the disposition of the Rule 59(e) motion, thus it was nullified. Therefore, case number 91-7533 which that notice of appeal generated must be dismissed because the notice of appeal was premature.
 
 
 6
 The district court construed Francis's letter originally sent to this Court as a motion for extension of time and second notice of appeal. It found that Francis's failure to file an appeal within the 30-day period allowed by Fed.R.App.P. 4(a)(1) was due to excusable neglect and granted the extension of time and ordered the letter filed as a notice of appeal. Francis's letter was received in this Court on June 6, 1991, and pursuant to Fed.R.App.P. 4(a)(1) it is deemed filed in the district court on that date. The second notice of appeal was therefore filed within the time permitted under Fed.R.App.P. 4(a)(5). Because the Rule 59(e) motion tolled the appeal period on the court's order dismissing the action, the second notice of appeal gives this Court jurisdiction to consider both orders.
 
 
 7
 The district court could properly require Francis to exhaust administrative remedies under 42 U.S.C. Sec. 1997e. Its dismissal of the action, without prejudice, when Francis failed to comply with its order was not an abuse of discretion.
 
 
 8
 This Court also reviews the denial of a Rule 59(e) motion for abuse of discretion. See Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989). We cannot say that the district court abused its discretion by denying the motion. Even pro se litigants have a responsibility to monitor the progress of their case and to follow the court's orders. Moreover, the dismissal of Francis's complaint was without prejudice to his refiling it when he can prove exhaustion.
 
 
 9
 Accordingly, case number 91-7126, which brought up for review the district court's order dismissing Francis's complaint for failing to exhaust administrative remedies and its order denying Francis's Rule 59(e) motion, is affirmed. The appeal in case number 91-7533 was premature and that case is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 No. 91-7126--AFFIRMED; No. 91-7533--DISMISSED.
 
 
 
 [1]
 No service of process had been made on any defendants at the time Francis filed his motion, therefore the failure of Francis to serve the motion within the 10-day period is not fatal to it being considered as a Rule 59(e) motion. See Craig v. Lynaugh, 846 F.2d 11, 13 (5th Cir.1988), cert. denied, 490 U.S. 1093 (1989)