# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40331

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2016

Lyle W. Cayce
Clerk

RONALD WAYNE SCHOFIELD,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:12-CV-372

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ronald Wayne Schofield, Texas prisoner # 1434055, was convicted of failing to register as a sex offender and was sentenced to serve 11 years in prison. His 28 U.S.C. § 2254 habeas corpus petition was dismissed as untimely. Now, he moves this court for a certificate of appealability (COA) concerning the denial of several postjudgment motions filed with respect to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40331

dismissal of his § 2254 petition and for appointed counsel.  His motion for counsel is DENIED.

We should always be mindful of our jurisdiction and consider this issue sua sponte when needed.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Because federal habeas proceedings are civil in nature, *see Archer v. Lynaugh*, 821 F.2d 1094, 1096 (5th Cir. 1987), a timely notice of appeal is a jurisdictional requirement, *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  The notice of appeal in a civil action must be filed within 30 days of entry of the judgment or order from which the appeal is taken.  FED. R. APP. P.  4(a)(1)(A).

The notice of appeal from which this proceeding arises specifies that it pertains to seven different items but is not timely as to any of them.  Consequently, insofar as Schofield seeks to appeal these items, his appeal is DISMISSED for want of jurisdiction, and his request for a COA on these items is DENIED as moot.  *See Bowles*, 551 U.S. at 214.

Schofield's notice of appeal is timely filed as to the district court's April 2015 order.  Nonetheless, he is not entitled to relief as to this judgment.  The district court has not ruled on the issue whether Schofield should receive a COA as to this judgment.  Because the district court has not made a COA ruling, we assume without deciding that we lack jurisdiction over this appeal.  *See* Rule 11(a), Rules Governing § 2255 Proceedings; *Cardenas v. Thaler*, 651 F.3d 442, 443-44 & n. 2 (5th Cir. 2011).  We decline to remand to the district court for a COA ruling because a remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).  Rather, we DISMISS for want of jurisdiction.  *See id.*

In his filings with this court, Schofield has not presented any argument relative to the issue whether the judgment over which we have jurisdiction is erroneous.  Accordingly, he has waived this issue.  *See Yohey v. Collins*, 985

2

No. 15-40331

F.2d 222, 224-25 (5th Cir. 1993); *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  His request for a COA with regards to the district court's April 2015 order is DENIED as moot.