# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-50130

———————

MANUAL LOUIS ROBINSON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-96

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2017

Lyle W. Cayce
Clerk

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manual Louis Robinson, Texas prisoner # 1655982, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for capital murder, which resulted in a life sentence. Robinson asserts that he received ineffective assistance of counsel at trial. In order to obtain a COA, Robinson must make

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50130

"a substantial showing of the denial of a constitutional right."   28 U.S.C.
§ 2253(c)(2).

This court must examine the basis of its jurisdiction, sua sponte if
necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Robinson's
notice of appeal was filed more than 30 days from the entry of the final
judgment denying his § 2254 petition; therefore, it is untimely.  *See* FED.
R. APP. P.  4(a)(1)(A), (c)(1).  As a federal habeas proceeding is civil in nature,
*see Archer v. Lynaugh*, 821 F.2d 1094, 1096 (5th Cir. 1987), a timely notice of
appeal is a jurisdictional requirement.  *Bowles v. Russell*, 551 U.S. 205, 214
(2007).  Because Robinson's notice of appeal was untimely, we lack jurisdiction
to address his COA motion.

Accordingly, Robinson's appeal is DISMISSED for want of jurisdiction,
and his request for a COA is DENIED as MOOT.