# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50874

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2018

Lyle W. Cayce
Clerk

JOHN EDWARD HOLMES,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CV-124

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

John Edward Holmes, Texas prisoner # 1933182, moves this court for a certificate of appealability (COA) to appeal the district court's denial of his motion to amend his 28 U.S.C. § 2254 application. Holmes filed the § 2254 application to challenge his 15-year sentence for sexual assault. Holmes also requests permission to proceed in forma pauperis (IFP) on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50874

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). At the time Holmes filed his notice of appeal, there was no "final order" for Holmes to appeal and for this court to consider. *See* 28 U.S.C. § 2253(a); *see also* 28 U.S.C. § 1291. Holmes did not file a timely notice of appeal following the district court's orders denying § 2254 relief or the post-judgment motions to amend his § 2254 application. Because federal habeas proceedings are civil in nature, *see Archer v. Lynaugh*, 821 F.2d 1094, 1096 (5th Cir. 1987), a timely notice of appeal is a jurisdictional requirement, *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). We thus lack jurisdiction over the instant case.

Accordingly, Holmes's appeal is DISMISSED for lack of jurisdiction, and his motions are DENIED as MOOT.