# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10316

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID LEE BREWER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-286

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

David Lee Brewer, federal prisoner # 49004-177, pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and he was sentenced to 188 months of imprisonment. He now requests a certificate of appealability (COA) to appeal the denial of his motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 and the denial of his motion for reconsideration. He contends that he should not have received a career

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10316

offender enhancement because an offense under § 2113(a) does not qualify as a crime of violence under U.S.S.G. § 4B1.1 and U.S.S.G. § 4B1.2.

Brewer's notice of appeal was untimely as to the denial of his § 2255 motion. *See* 28 U.S.C. § 2107(b)(1); FED. R. APP. P. 4(a)(1)(B)(i). Accordingly, we lack jurisdiction to consider the denial of that motion. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Archer v. Lynaugh*, 821 F.2d 1094, 1096 (5th Cir. 1987). Because the notice of appeal was filed within 60 days of the denial of his motion for reconsideration, Brewer's appeal was timely as to that motion. *See* FED. R. APP. P. 4(a)(1)(B)(i).

To obtain a COA, Brewer must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To meet that standard, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted) (quote at 484); *see also Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). Brewer fails to make this showing.

The appeal is DISMISSED IN PART for lack of jurisdiction, and the motion for a COA is DENIED.