# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2020

Lyle W. Cayce
Clerk

No. 19-20366

Brandy Brenay Charles,

*Petitioner—Appellant*,

*versus*

Child Protective Services; Behavioral Hospital of Bellaire; Probate Court Judge of Harris County Nos. 2-3; Herman Memorial Hospital; Judge of the 314th District Court of Harris County, Texas; Harris County,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1516

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20366

Brandy Brenay Charles was a civil detainee at the Behavioral Hospital of Bellaire at the time she filed a 28 U.S.C. § 2241 petition in the district court. The district court construed her petition as a 28 U.S.C. § 2254 petition and dismissed it without prejudice for failure to exhaust her state court remedies, and she filed a notice of appeal. Her appeal was dismissed for want of prosecution. Charles subsequently filed an emergency motion to reinstate or reopen in the district court, which the district court construed as arising under Federal Rule of Civil Procedure 60(b) and denied. She also filed a motion for leave to file an original petition for writ of mandamus, which the district court denied. Over one year later, Charles filed a document which the district court construed as a notice of appeal. The district court denied her motion for leave to proceed in forma pauperis (IFP) on appeal and certified that her appeal was not taken in good faith. She moves for leave to proceed IFP on appeal.

This court must examine the basis of its jurisdiction, sua sponte, if necessary. *See Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). The notice of appeal did not specify which order or judgment Charles was appealing. Civil litigants, like Charles, have 30 days from the entry of judgment to notice an appeal. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16-17 (2017) (holding that a timely notice of appeal in a civil case is a jurisdictional prerequisite where, as here, the time limit is set by statute); 28 U.S.C. § 2107(a); *see also Archer v. Lynaugh*, 821 F.2d 1094, 1096 (5th Cir. 1987) (stating that federal habeas proceedings are civil in nature); Fed. R. App. P. 4(a)(1)(A). However, her notice of appeal was not filed within 30 days of the entry of the district court's judgment dismissing her petition or the orders denying Charles's subsequent motions. Therefore, Charles's appeal is DISMISSED for lack of jurisdiction. *See Hamer*, 138 S. Ct. at 16-17. Her motions for leave to proceed IFP on appeal,

No. 19-20366

appointment of counsel, and a ruling on her motion for appointment of counsel are also DENIED.