**GENEVA ASSURANCE SYNDICATE, INCORPORATED, Geneva Underwriters Syndicate, Incorporated, formerly known as LUI Syndicate, formerly known as LUI Number Two, Incorporated; Classic Syndicate, et al., Plaintiffs–Appellants,**

**v.**

**MEDICAL EMERGENCY SERVICES ASSOCIATES (MESA) S.C., Decker & Dodson, M.D.'S P.A., doing business as Paragon Emergency Physicians, KXCare, Incorporated, et al., Defendants–Appellees.**

No. 92–2014.

United States Court of Appeals, Seventh Circuit.

Submitted May 8, 1992.

Decided May 11, 1992.

Opinion May 18, 1992.*

Frank K. Heap, Charles G. Albert, Alfreda Bradley, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiffs-appellants.

John F. Ward, Terri L. Mascherin, Theodore Tetzlaff, Scott C. Tomassi, Jenner & Block, Daniel T. Schibley, Dennis J. O'Hara, Wilson & McIlvaine, Chicago, Ill., John F. Early, Early, Collison, Tousey, Regan, Wlodek & Morrow, Elgin, Ill., Mary K. Sammons, William H. White, Ophelia S. Camina, Susman Godfrey, Houston, Tex.,

---

* The opinion was released in typescript because   of the urgency of the relief requested.

Bruce R. Meckler, Mark A. Brand, Michael I. Leonard, Pope & John, Gary A. Grasso, Heather H. Alderman, Cole, Grasso, Fencl & Skinner, Paul S. Turner, Robert B. Blasio, McCullough, Campell & Lane, Jeffrey T. Gilbert, Patricia J. Kendall, Sachnoff & Weaver, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.

PER CURIAM.

We have before us a motion to stay a temporary restraining order pending the decision of our appeal from that order. The parties seem unaware of the fact that a temporary restraining order is not an appealable order. So far as relevant to this case, 28 U.S.C. § 1292(a)(1) confines our jurisdiction to review interlocutory orders to orders granting or denying a preliminary injunction, which is a different animal from a temporary restraining order. Fed. R.Civ.P. 65(a), (b).

■ What is true, although not remarked by any of the parties, is that the name which the judge gives the order is not determinative. *Sampson v. Murray*, 415 U.S. 61, 85–88, 94 S.Ct. 937, 950–951, 39 L.Ed.2d 166 (1974); *Diginet, Inc. v. Western Union ATS, Inc.*, 958 F.2d 1388, 1392 (7th Cir.1992); *Doe v. Village of Crestwood*, 917 F.2d 1476, 1477 (7th Cir. 1990); *McDougald v. Jenson*, 786 F.2d 1465, 1472 (11th Cir.1986); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2953 (1973). If it were, a judge could defeat a party's right to appeal by calling a preliminary injunction a temporary restraining order. So we must dig below the verbal surface.

■ The essence of a temporary restraining order is its brevity, its ex parte character, and (related to the second element) its informality; the first element reduces the necessity for immediate appellate review and the third makes such review difficult because of the absence of a record. Rule 65(b) confines a temporary restraining order to ten days, plus one ten-day extension upon good cause shown, "unless the party against whom the order is directed consents that it may be extended for a longer period." The judge in our case entered, at the defendants' request, a "temporary restraining order" on April 24 that was to expire ten days later, on May 4. On April 29, at a status hearing, the order was extended by "agreement of the parties" until May 19, the date scheduled for a hearing on the defendants' motion for a preliminary injunction. Nothing in this sequence altered the status of the April 24 order. It was a bona fide, true-blue temporary restraining order, and therefore it was not appealable. True, a remark in the transcript of the status hearing suggests that the plaintiffs consented to the extension because they thought the order appealable and were planning to ask us for a stay. But a misapprehension of the rules governing appealability does not convert a temporary restraining order into a preliminary injunction.

We have no jurisdiction, and we therefore dismiss the appeal and the motion for a stay.