**George E. SIMMONS, Plaintiff–Appellant,**

**v.**

**John S. GHENT, et al., Defendants–Appellees.**

**No. 91–3117.**

United States Court of Appeals, Seventh Circuit.

Submitted May 12, 1992.

Decided Aug. 10, 1992.

George E. Simmons, pro se.

Rosalyn B. Kaplan, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CUDAHY and POSNER, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

POSNER, Circuit Judge.

We issued a rule to show cause why the appeal should not be dismissed as premature. The district court had entered a minute order dismissing this prisoner's civil rights case as frivolous, before he had served his complaint on any of the defendants. No separate judgment order was entered as required by Fed.R.Civ.P. 58, but, the court's intention to terminate the litigation being clear, the minute order was an appealable judgment under *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam); and the appellant duly filed his notice of appeal within the thirty days allowed for such a filing. However, within ten days after the entry of the minute order, the

appellant had filed a motion to reconsider. The motion was not actually filed with the district court until the eleventh business day after the entry of the minute order. But in *pro se* prisoner cases a notice of appeal is deemed timely if lodged with the prison authorities, for forwarding to the district court, within the time permitted for an appeal. *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). We assume that the same rule applies to other filings, including a Rule 59(e) motion.

A timely Rule 59(e) motion suspends the time for appealing, and a notice of appeal filed while such a motion is pending is premature and a nullity. Fed. R.App.P. 4(a)(4). Any motion seeking to alter or amend the judgment, however the motion be labeled, is deemed a Rule 59(e) motion, provided it is served within ten days. *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986). The only rub is that the appellant's motion, though filed within ten days, was not served within ten days. In fact it was never served. So there was no timely Rule 59(e) motion; the notice of appeal filed before the motion was decided was therefore not premature; and since the notice was timely, the appeal will not be dismissed.

All this would hardly be worth saying were it not for a brace of cases in other circuits which hold that where the appellant's suit is dismissed as frivolous before his complaint has been served on any defendant, the requirement of serving a Rule 59(e) motion is dispensed with; the motion is timely if filed within the prescribed period, and if so filed it knocks out any notice of appeal filed before the motion is acted on. *Craig v. Lynaugh,* 846 F.2d 11 (5th Cir.1988); *Welch v. Folsom,* 925 F.2d 666, 669 (3d Cir.1991). *Craig* expressed concern lest defendants in prisoner cases be overwhelmed with paper if the Rule 59(e) motion must be served in order to be effective. This is unpersuasive; service imposes no obligation to respond. *Welch,* which reached a similar result without citing *Craig,* rested decision on two other grounds: that since the district court had

dismissed the complaint without the presence of the defendant, the court should be permitted to reconsider that dismissal by the same procedure; and that the plaintiff might not be able to serve the motion to reconsider by mail, since the use of the procedure in Fed.R.Civ.P. 5(b) presupposes that the court has obtained jurisdiction over the parties. We do not understand the second ground. Rule 5(b) prescribes how service may be made. Rule 5(a), which lists the documents that must be served, states that "every written motion ... shall be served upon each of the parties." There is no requirement that the court have obtained jurisdiction over the parties. Rule 4(b) requires that the summons name the "parties," even though the court ordinarily does not obtain jurisdiction over a party defendant until the summons and complaint has been served on him.

The first ground in *Welch* has commonsense appeal, but we cannot find in the applicable civil and appellate rules any purchase for relaxing the requirement that a motion under Rule 59(e) be served on the defendant within ten days even if the defendant has not been served previously. If the motion is not served within that time, it is untimely and does not block an appeal. The absence of any other reported cases besides the two we have cited suggests that applying Rule 59(e) in accordance with its literal language has not been a source of hardship.

Because our decision creates an intercircuit conflict, we have circulated this opinion in advance of publication to all the active judges of this court. 7th Cir.R. 40(f). None voted to hear the case en banc.