9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jackey L. BOND, Plaintiff/Appellant,
v.
Robert YOUNG, Sergeant, Macon County Jail and John Wrigley,
Captain, Macon County Jail, Defendants/Appellees.
 No. 92-3001.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 18, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Jackey L. Bond appeals from the grant of summary judgment in his 42 U.S.C. Sec. 1983 action brought against John Wrigley, deputy sheriff in charge of overseeing the Macon County Jail, and Robert Young, a jail security officer. Bond alleges that Wrigley and Young violated his Eighth Amendment rights to protection from other prisoners, Duane v. Lane, 959 F.2d 673, 676 (7th Cir.1992), and to medical attention, McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992). Bond was beaten unconscious by three inmates in August of 1989 at the Macon County Jail following a card game.
 
 
 2
 The district court found Bond's claims relating to the attack and the denial of medical treatment thereafter to be time-barred under Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir.1989) (holding that a two-year statute of limitations applies to Sec. 1983 actions brought in Illinois). Bond's complaint was docketed on September 4, 1991. A review of the record on appeal, however, reveals that Bond in fact may have "filed" his complaint in late July of 1991. In Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir.1992) we noted that the rule of Houston v. Lack, 487 U.S. 266, 270 (1988), that a notice of appeal is timely if lodged with the prison authorities for forwarding to the district court within the time permitted for appeal, applies to other types of filings.
 
 
 3
 Bond's complaint and application to proceed in forma pauperis are dated July 25, 1991, and his notice of filing is dated July 29, 1991. The certificate of service was notarized on July 29, 1991, but does not state the date of deposit in the prison mail. A copy of his institutional account submitted in support of his forma pauperis application is dated August 21, 1991.
 
 
 4
 We need not determine if Bond's complaint is timely, however, because he is not entitled to judgment as a matter of law. To succeed here, Bond must show that the defendants' "deliberate indifference" to his personal safety and medical needs constituted cruel and unusual punishment in violation of the Eighth Amendment. See Duane, 959 F.2d at 675. With regard to the attack itself, Bond states only that defendant Young witnessed part of the beating. Prison officials are liable for failing to prevent an attack only when the officials act with recklessness. McGill, 944 F.2d at 347 (citing Wilson v. Seiter, 498 U.S. 808 (1991)). This "recklessness" requires a showing of "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duane, 959 F.2d at 676 (citing Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986)). Bond's sole allegation that prison officials witnessed part of the attack does not meet the required showing of recklessness as a matter of law.
 
 
 5
 With regard to his medical needs, Bond alleges that he was in pain for several days following the beating and was not seen by a doctor until after he had written to Wrigley demanding medical attention. He states that Young refused to take him for medical treatment immediately after the attack. According to Wrigley's affidavit, Bond was involved in a fight with other inmates on August 21, 1992 that began over a card game. Medical records establish that Bond was seen by a jail nurse on August 23rd and on the 24th by a doctor. The same doctor also saw Bond on September 1st, 14th and 21st, and on October 19th. See Estelle v. Gamble, 429 U.S. 97, 105-106 (holding that indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations); Benson v. Cady, 761 F.2d 335, 341 (7th Cir.1985) (finding that two-day delay in receiving medical treatment did not rise to level of deliberate indifference).
 
 
 6
 Bond does not dispute the accuracy of the medical records. Rather, Bond alleges that "the doctor merely prescribed aspirin in an [sic] covert attempt to limit their negligence.... plaintiff fell in the shower as a result of the injuries he sustained in the beating. Had the doctor treated plaintiff correctly, this might not have occurred." The doctor is neither a named party in this action nor an employee of the Macon County Jail. See Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991) (negligence alone or simple medical malpractice are insufficient to state a claim for relief under Sec. 1983). Nothing in the record indicates that the defendants' actions in securing Bond medical attention rise to the level of deliberate indifference. Accordingly, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record