35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry T. ENGLAND, Plaintiff-Appellant,
v.
Robert FARLEY, Defendant-Appellee.
 No. 93-2984.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Larry T. England, proceeding pro se, appeals from the district court's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) in this civil rights action under 42 U.S.C. Sec. 1983.[1] We affirm.
 
 
 2
 England is an inmate at the Indiana State Prison. England filed this Sec. 1983 action against Robert Farley, the superintendent of the Indiana State Prison, alleging that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment for the defendant's failure to provide him adequate medical care. The district court granted England leave to amend his complaint as well as a motion to supplement his pleadings with additional facts. R. 18.
 
 
 3
 The original complaint alleged that England, who experiences kidney stones, sinus trouble, and gastric problems, had requested to see the prison doctor several times since July, 1992. England received medication for his kidney stones and sinus trouble on some occasions, but he was denied any treatment on other occasions. When he was denied treatment, England suffered "extreme pain" for several days. England alleged that whether he received treatment depended upon a nurse's evaluation of his condition and the availability of a doctor. England also asserted that the prison administration ordered the hospital staff not to prescribe pain medication "on a frequent or continuing basis." His repeated requests for preventive or remedial treatment for his kidney stones have been denied. In amending his complaint, England further alleged that, effective January 11, 1993, the Indiana State Prison required inmates to complete written request forms for seeing a doctor. England asserted that this procedure was inadequate because it required inmates to diagnose their own illnesses and the prison responded too slowly to the requests.
 
 
 4
 In supplementing his pleadings, England alleged that he made approximately eleven written requests for medical treatment for headaches, sinus problems, and kidney stones between January 11 and February 16, 1993. England received Tylenol only once during this period. When England complained about the delay, a nurse informed him that the nurses evaluate the inmates' requests, and the inmates with the most serious complaints receive treatment first when there is a large number of requests. England received no treatment for kidney stones in February and March, 1993, despite his written requests as well as an emergency sick call request. England also completed a written request for treatment for an irregular heartbeat and did not receive a response within one week. England asserted that Farley was responsible for the procedures through which he received inadequate medical treatment.
 
 
 5
 In order to state a cognizable claim of medical mistreatment under the Eighth Amendment, England must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment, and allegations of "an inadvertent failure to provide adequate medical care," or negligence, are insufficient. Id. at 104 (citation omitted), 105-06; see also Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). The Constitution " 'does not mandate comfortable prisons, '... and only those deprivations denying 'the minimal civilized measure of life's necessities, '... are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 349, 347 (1981)).
 
 
 6
 The Supreme Court has recently defined the term "deliberate indifference" as it relates to the liability of prison officials under the Eighth Amendment. In Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994), the Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[2] The Court made clear that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 1982-83. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 1983.
 
 
 7
 The allegations of England's complaint, even as amended and supplemented, do not satisfy the requirements of Farmer. The complaint acknowledges that England has received medication for his kidney stones and sinus problems on several occasions. When England complained about the delay in receiving treatment on other occasions, he was informed by a nurse that inmates with the most serious complaints receive treatment first when there is a large number of requests for medical treatment. This practice can hardly be said to be unreasonable under Farmer. The practice of requiring inmates to complete request forms, and the evaluation of those forms by nurses, also are not unreasonable.[3] The instances in which England allegedly suffered "extreme pain" as a result of his untreated kidney stones, as well as the alleged lack of a response within one week to his written request for treatment for an irregular heartbeat, are nothing more than inadvertent failures to provide adequate medical care, which are not actionable under the Eighth Amendment. Estelle, 429 U.S. at 105. Even if these failures to receive treatment were not inadvertent, moreover, the complaint does not allege that Farley was aware of facts from which he could have inferred a substantial risk of serious harm to England or that he actually drew this inference, as required by Farmer.[4] Farmer, 114 S.Ct. at 1979.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 As a preliminary matter, we must determine whether we have jurisdiction over the district court's dismissal of the complaint. England's notice of appeal was filed on August 3, 1993, over thirty days after the entry of judgment on June 9, 1993. England timely served a motion to alter or amend the judgment within ten days after the entry of judgment. Fed.R.Civ.P. 59(e). This automatically suspended the finality of the entry of judgment. Fed.R.App.P. 4(a)(4); Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir.1992). England filed a notice of appeal within thirty days after the district court's denial of the motion on July 15, 1993, and thus we have jurisdiction to consider this appeal. Fed.R.App.P. 4(a)(4)
 
 
 [2]
 Although Farmer involved a prisoner's claim that prison officials denied him humane conditions of confinement in violation of the Eighth Amendment, the Supreme Court's holding defining the term "deliberate indifference" also governs prisoners' claims of inadequate prison medical care in violation of the Eighth Amendment. Estelle, 429 U.S. at 106; see Farmer, 114 S.Ct. at 1978
 
 
 [3]
 The complaint's bold assertion that prison officials ordered hospital staff not to prescribe pain medication "on a frequent or continuing basis," which we must accept as true at this stage of the litigation, e.g., Roots Partnership v. Lands' End, Inc., 965 F.2d 1411, 1416 (7th Cir.1992); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957), also does not create a cognizable Eighth Amendment claim because the complaint states that England failed to receive treatment as a result of the manner in which prison officials evaluated and prioritized inmates' requests for treatment, not as a result of this alleged directive
 
 
 [4]
 Any claim of England against Farley in his official capacity is barred by the Eleventh Amendment irrespective of whether England's allegations state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Kentucky v. Graham, 473 U.S. 159, 169-70 (1985)