52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Charles BROWN, Plaintiff-Appellant,
v.
CHIEF OF POLICE OF CHICAGO, Dale Altman, Peggy O'Connor, et
al., Defendants-Appellees.
 No. 92-4060.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 18, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 PROCEDURAL BACKGROUND
 
 1
 Charles Brown, an Illinois prisoner, filed a pro se civil rights action in federal district court against state and federal employees in their official and individual capacities. On November 30, 1992, the court dismissed his case for want of prosecution ("DWP"). On December 15, 1992, Brown filed a motion captioned "Motion to Arrest of Judgment or in the alternative Motion to set aside the Verdict or in the alternative Notice of Appeal." The motion stated, verbatim:
 
 
 2
 Now come the Plaintiff, Charles Brown, respectfully moves this Honorable Court to reconsider it's dismissed of this case.
 
 
 3
 Plaintiff is not an attorney and the heading, maybe wrong, but referring in part to rule 60.
 
 
 4
 Plaintiff hopes that the affidavit in Support of this motion will provide the necessary information for the reinstatement of this case.
 
 
 5
 The affidavit offered reasons why Brown's neglect of the case was excusable. In his prayer for relief (made part of the affidavit), Brown requested reconsideration and reinstatement within ten days, or alternatively, notice of appeal in forma pauperis. In addition to filing the motion, Brown filed a notice of appeal on the same day. This appeal preceded the 1993 revisions to the Federal Rules of Appellate Procedure, so the pre-revision version of Rule 4(a)(4), "Appeal as of Right--When Taken", applies. This version of FRAP 4(a)(4) required dismissal of appeals when a Fed.R.Civ.P. 59(e) motion was pending.
 
 
 6
 Brown did not serve the motion on the defendants within ten days (or ever). Because Brown did not serve the motion in a timely manner, it is not automatically considered a Rule 59(e) motion and the appeal from the DWP survives Rule 4(a)(4). Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir.1992) ("Any motion seeking to alter or amend the judgment, however the motion be labeled, is deemed a Rule 59(e) motion, provided it is served within ten days.").[1]
 
 FACTS
 
 7
 The City defendants and the State's Attorney filed motions to dismiss Brown's complaint and the federal defendants filed a motion to dismiss, or alternatively, a motion for summary judgment. Brown filed an amended complaint, but the defendants stood on their previously filed motions. Brown filed responses opposing the motions to dismiss. The district court granted the motions except as to the two Chicago police officers in their individual capacities.
 
 
 8
 The officers were granted leave to file a motion for summary judgment. When they requested an extension in which to file, the court granted the request but warned that "no further extensions of time will be granted" and threatened the defendants with default. The defendants filed their motion by the deadline. The court then set a briefing schedule that required Brown to respond to the motion on or before July 1, 1992.
 
 
 9
 On May 28, 1992, Brown requested a 60-day extension in which to respond to the motion. He stated that relocation between prisons had deprived him of mail concerning this case. In response to this information, the court ordered all correspondence be sent to Brown at his new address. One month later, Brown was relocated again, and sent the court his new address. The court noted the address change. The court also extended Brown's time to respond to the motion until August 21, 1992. On August 12, 1992, Brown requested an additional extension of time, stating that he did not have a copy of the defendants' summary judgment motion and brief, and that his legal materials were missing. The court granted the motion and extended the deadline until October 16, 1992.
 
 
 10
 On November 2, 1992, the court, sua sponte, extended Brown's time to respond to the summary judgment motion until November 23, 1992. The court stated in its order that "[i]f plaintiff does not file a response or otherwise contact the court by that date, the court shall dismiss this action for want of prosecution." Brown never responded, and on November 30, 1992, the court dismissed his case.
 
 
 11
 On appeal, Brown argues that the court abused its discretion by dismissing his case. He claims that because he is a prisoner acting pro se, dismissal was too harsh a sanction and that his claims were not given fair and meaningful consideration.
 
 ANALYSIS
 
 12
 The district court has the authority to sua sponte dismiss a case for want of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626 (1962). We defer to the district court's decision to dismiss a case for want of prosecution and we will reverse that decision only if it was clearly a mistake or if the district court did not consider "factors essential to the exercise of a sound discretion." Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir.1993). The district court should directly and explicitly warn the plaintiff that dismissal may result from failure to prosecute a case. Id. The district court should also consider the procedural history of the case and the circumstances surrounding the dismissal. Casteel v. Pieschek, 3 F.3d 1050, 1055 (7th Cir.1993) (district court abused discretion when dismissing pro se noncompliance with a court order).
 
 
 13
 The district court kept tight control over the progress of this litigation. When the defendants requested an extension of time, the court granted the extension, but warned that no further extensions would be given. The court was much more lenient with the pro se plaintiff. Brown was granted three extensions of time in which to respond the summary judgment motion--two on his motions and one on the court's motion. That sua sponte extension came with a direct and explicit warning of dismissal. Moreover, the court's warning required only that Brown contact the court to avoid dismissal. The court further indulged Brown by waiting another week before it dismissed his case.
 
 
 14
 At a minimum Brown knew he needed to respond to the motion for summary judgment. According to his affidavit supporting the reconsideration motion, Brown received the summary judgment motion no later than November 2, 1992. He does not claim to be unaware of the potential dismissal nor does he claim to have made any contact with the court between that time and November 30. We are aware of the problems pro se prisoners may face with discovery procedures and receiving court documents, but we cannot say that the district court abused its discretion by dismissing Brown's lawsuit. Brown knew a response to the motion was required, but did nothing--not even a letter to the court--to protect his interest in this case.
 
 
 15
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Instead, Brown's motion will be considered a Rule 60(b) motion "Relief From Judgment or Order: Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc." Rule 60(b) motions may be brought following entry of final judgment and a notice of appeal therefrom. Brown v. United States, 976 F.2d 1104, 1110 (7th Cir.1992). The district court dismissed Brown's Rule 60(b) motion seven months later as moot, but Brown never filed a separate notice of appeal from the entry of that judgment. See, e.g., Reed v. AMAX Coal Co., 971 F.2d 1295, 1301 (7th Cir.1992). In Brown, we dismissed the Rule 60(b) appeal. Brown, 976 F.2d at 1110. In this case, we have no appeal to dismiss, and will not consider any issue concerning the dismissal of Brown's motion to reconsider