59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Willie B. HADLEY, Jr., Plaintiff/Appellant,
v.
Kenneth P. DOBUCKI, Warden, Michael Baker, Assistant Warden,
Bill Redman, Dietary Manager, et al., Defendants/Appellees.
 No. 93-2038.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 1, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Willie B. Hadley, an inmate at the Graham Correctional Center in Hillsboro, Illinois, brought this action pursuant to 42 U.S.C. Sec. 1983 against various prison officials, alleging that the defendants' practice of providing unsanitary food to the prison population violated his Eighth Amendment right to be free from cruel and unusual punishment. Proceeding pro se and claiming to be a class representative for other inmates similarly situated, Hadley also alleged that the defendants engaged in discriminatory hiring practices in violation of his equal protection rights under the Fourteenth Amendment. After the district court denied Hadley leave to amend his complaint, the parties consented to proceed before a magistrate judge, 28 U.S.C. Sec. 636(b), who granted summary judgment in favor of the defendants. Fed. R. Civ. P. 56. Hadley appeals.[1]
 
 I. Motion to Amend Complaint
 
 2
 Hadley argues that the district court erred in denying his motion to file an amended complaint, contending that he was entitled as a matter of course to amend his complaint under Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Hadley's motion to amend was docketed on February 3, although Hadley claims that he mailed the motion on January 21, 1992, before the defendants served their first responsive pleading on January 30, 1992. It may be true that if Hadley's motion was indeed mailed on January 21 then it is deemed timely and entitled Hadley to amend as of right. The Supreme Court has held that in pro se prisoner cases, a notice of appeal is deemed timely if lodged with the prison authorities for forwarding to the district court within the time permitted for an appeal. Houston v. Lack, 487 U.S. 266, 270 (1988). Following Houston, we assumed, in Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir. 1992), that the same rule applies to other filings by pro se prisoners. We then applied the rule to hold that a Rule 59(e) motion to amend judgment not actually filed with the district court until one day after the filing deadline was nevertheless timely. See also Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir. 1993) (relying on Houston and holding that "an incarcerated pro se litigant completes 'service' under Fed. R. Civ. P. 5(b) upon submission to prison authorities for forwarding to the party to be served."). But Hadley has produced no proof that the motion was lodged with the prison authorities on January 21 for mailing. All we can discern from the record is that the document was delivered sometime before February 3, the date it was docketed in the district court. Since the record does not support a conclusion that Hadley submitted the amended complaint before the defendants served their first responsive pleading on January 30, we cannot say that Hadley had a right to amend as a matter of course.[2]
 
 
 3
 Having determined that Hadley had no right to amend as a matter of course, we review the district court's refusal to grant leave to amend for an abuse of discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir. 1992). Although leave to amend shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), a district court does not abuse its discretion in denying leave to amend if repleading would be futile. See DeSalle v. Wright, 969 F.2d 273, 277-78 (7th Cir. 1992); Perkins v. Silverstein, 939 F.2d 463, 471 (7th Cir. 1991). Hadley's proposed amended complaint sought to include some twenty-five defendants not named in the original complaint and numerous new grievances ranging from illegal imposition of fees for legal mail, denial of laundry soap, improper disciplinary actions, unauthorized removal of a pool table from the prison gym, long work hours, to concealment of exonerating information by prison officials. Most of the allegations, based on events entirely unrelated to the original complaint, are conclusory and obviously deficient. Thus, the district court could conclude that the interest of justice weighed against granting the Rule 15(a) motion, see Jones v. Hamelman, 869 F.2d 1023, 1026-27 (7th Cir. 1989), and that granting leave to file the amended complaint would be, in any event, an exercise of futility. See DeSalle, 939 F.2d at 277-78 (where none of the plaintiff's proposed amendments are relevant to his claims, allowing the plaintiff to amend would be a futile act). We therefore will not disturb the district court's discretionary refusal to deny leave to amend.
 
 II. Summary Judgment
 
 4
 Hadley also challenges the grant of summary judgment in favor of the defendants. We review a grant of summary judgment de novo, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), viewing the record and the inferences drawn from it in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). We will affirm if there is no genuine issue of material fact such that judgment is proper as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 A. Eighth Amendment
 
 5
 An inmate challenging the conditions of his confinement under the Eighth Amendment must establish that the challenged conditions exceed the bounds of decency in a contemporary society as to constitute "cruel and unusual punishment," Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992); Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994), and that the defendant was deliberately indifferent -- that is, the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). Mere negligence is not enough. See Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994).
 
 
 6
 Hadley's Eighth Amendment claim of an unsanitary dietary environment does not meet the above standard. It is true that an inmate is entitled to a healthy environment including "'nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well-being of the inmates who consume it."' French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1981)), cert. denied, 107 S. Ct. 77 (1986). But Hadley fails to establish that any of the deficiencies alleged poses a serious risk to his health. He alleged, with supporting affidavits from other inmates, that the food at the prison was "unpalatable" and sometimes contained "foreign objects" such as aluminum foil. He further alleged that the dietary was filthy and had roaches and mice, that plastic utensils were retrieved from the garbage cans and re-used, that crusted food and cigarette ashes could be found on trays, tables and chairs, that fruit and vegetables served were badly bruised with rust or freezer burns, and that the serving trays had cigarette burns. To prove the existence of roaches at the prison, Hadley submitted dead roaches as evidence.
 
 
 7
 The food or the presentation of the food at the prison may not be as appetizing as Hadley would have liked. Yet, as the magistrate judge correctly observed, in a large food operation as the prison dietary, oversights such as the presence of crusted food or cigarette ashes on dining room fixtures and utensils on occasion, or even "foreign objects" in the food can be expected. "The Constitution does not require prison officials to provide the equivalent of hotel accommodations." Lunsford, 17 F.3d at 1581; see also Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). The defendants have submitted dietary sanitation reports, prepared by the American Correctional Association, and the Public Health Inspection reports, prepared by the Illinois Department of Corrections, showing that Graham Correctional Center is in compliance with basic health standards and state health regulations. The reports also indicate that the prison officials had responded to several recommendations made by the Department of Corrections regarding food service sanitation, though none of the recommendations concerned Hadley's complaints about the dietary. Moreover, the defendants maintain, and Hadley does not contest, that the plastic utensils are washed before being used again, that the dietary is sprayed twice a month for insects, and that mouse traps are set out whenever a mouse has been spotted. In his appellate brief, Hadley claims to have suffered from diarrhea and gastritis on numerous occasions and acute pain after just about after every meal. He submits no evidence to support his broad allegations. In fact, he admitted during his deposition that he had never suffered from food poisoning at Graham and had suffered from minor gastritis on only one occasion. Without any evidence of a threat to human health, we cannot say that the alleged conditions are sufficient to sustain an Eighth Amendment claim.
 
 B. Equal Protection
 
 8
 Hadley raises an equal protection claim, asserting that white inmates are placed at better and higher paying prisons jobs than non-white inmates. Specifically, he claims that the "prison industry," apparently a preferred job assignment, is composed mostly of white inmates even though 75% of the prison population is non-white. Hadley further complains that because of his race, he was given a low-paying janitorial position when he first arrived at Graham despite his qualifications for better positions. Hadley later applied for a porter's position with the prison hospital, apparently a higher paying job. According to Hadley, although he was ultimately employed by the hospital three to four months later, two white inmates were hired before him even though they had applied for the position the same time he did.
 
 
 9
 Hadley has submitted no evidence to support his conclusory allegations of discriminatory hiring practice. See Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made ... an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading ...."). The defendants have, on the other hand, submitted a report of the inmates' race, nationalities and job assignments at Graham, which does not manifest any racial disparities in job assignments. In any event, as the magistrate judge correctly observed, statistical information of race, by itself, is insufficient to create an inference of discriminatory hiring practice. Without information as to the inmates' qualifications and work experiences, or what positions they have applied for, any racial disparities, even if correct as Hadley has alleged, would not have any real significance. See Courtney v. Biosound, 42 F.3d 414, 420 (7th Cir. 1994). Thus, Hadley cannot succeed on his equal protection claim.
 
 
 10
 For the forgoing reasons, we AFFIRM the grant the summary judgment in favor of the defendants.
 
 
 
 *
 The appellees have advised this court that they will not be filing a brief. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement, we have concluded that oral argument would not be helpful, and the appeal is submitted on the brief and record
 
 
 [1]
 Hadley also attempts to appeal the denial of his three motions for temporary restraining orders. Appellate courts, however, do not have jurisdiction to review a decision to deny a temporary restraining order. See Geneva Assurance Syndicate, Inc. v. Medical Emergency Services Associates (MESA) S.C., 964 F.2d 599, 600 (7th Cir. 1992)
 
 
 [2]
 We also note that Hadley's motion to amend his complaint was not served before the defendants' responsive pleading. In fact, there is no indication that it was ever served. The Rules do not indicate whether service must be made before defendants' responsive pleading to entitle amendment as a matter of course. Cf. Simmons, 970 F.2d at 393 (where appellant failed to serve the Rule 59(e) motion within the required ten days, the motion is not timely even though it was filed within ten days). It is clear, however, that service is required, see Fed. R. Civ. P. 5(a) ("every written motion ... shall be served upon each of the parties"), and the district court could have relied on that ground to deny the motion to amend