86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin FAGAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3330.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 18, 1996.[1]
Decided May 24, 1996.
Rehearing Denied July 18, 1996.
 
 Before ENGEL,[2] BAUER and KANNE, Chief Judges.
 
 ORDER
 
 1
 Petitioner Melvin Fagan, appeals from the denial of a motion to vacate sentence under 28 U.S.C. § 2255, and the denial of a subsequent motion for reconsideration. We affirm.
 
 Background
 
 2
 Petitioner was convicted of conspiring to possess over five kilograms of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and of using and carrying a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1), and sentenced to a term of 235 months' imprisonment on the first charge, and a consecutive sentence of 60 months' imprisonment on the second charge. We previously decided petitioner's direct criminal appeal, affirming the conviction and sentence, in United States v. Fagan, 35 F.3d 1203 (7th Cir.1994).[3]
 
 
 3
 A civil forfeiture proceeding resulted in the forfeiture of $29,100, seized from petitioner in December 12, 1991, by the Drug Enforcement Agency (DEA). The Declaration of Forfeiture issued by the DEA states that notice of the seizure was sent to "all known parties who may have a legal or possessory interest in the property," and that notice had been published under 19 U.S.C. § 1607.
 
 
 4
 Petitioner has now filed a motion for relief pursuant to 28 U.S.C. § 2255, alleging that the criminal proceedings were barred by double jeopardy, since he had already been punished by the seizure of his property. The district court denied the motion, finding that no jeopardy attached in the administrative forfeiture proceeding because petitioner never sought to be a party to the action. Subsequently, the district court denied petitioner's motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b).
 
 Denial of § 2255 Petition
 
 5
 The § 2255 petition states one ground, double jeopardy, caused by the government's proceeding against petitioner in the criminal action, and also proceeding against his property in a civil administrative forfeiture action.
 
 
 6
 Petitioner procedurally defaulted by failing to raise the double jeopardy claim in his direct criminal appeal. See Barker v. United States, 7 F.3d 629, 631 (7th Cir.1993). In his § 2255 petition, he makes no attempt to show cause and prejudice for the default.
 
 
 7
 Regardless, even if we were to consider, e.g., ineffective assistance claims as cause, petitioner cannot show prejudice. We have previously rejected this type of double jeopardy argument in United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.1994) (jeopardy does not attach when a person is not made a party to the administrative forfeiture proceeding). Accord United States v. $184,505.01 in U.S. Currency, 72 F.3d 1160, 1167 (3d Cir.1995). Cf. United States v. $405,089.23 in U.S. Currency, 33 F.3d 1210, 1216 (9th Cir.1994), modified, 56 F.3d 41 (9th Cir.1994), cert. granted sub nom., United States v. Ursery, No. 95-346 (U.S. Jan. 12, 1996).
 
 
 8
 Moreover, the district court was not required to offer more than summary consideration where it plainly appeared from the face of the § 2255 petition that petitioner was not entitled to relief. Rule 4(b) of the Rules Governing Section 2255 Proceedings; McCleese v. United States, 75 F.3d 1174, 1182 (7th Cir.1996). Petitioner's claim focuses on whether he received notice of the administrative forfeiture, and the only documentation he provided the district court demonstrated that he had received adequate notice under 19 U.S.C. § 1607.
 
 Motion to Amend § 2255 Petition
 
 9
 Petitioner next complains that the district court should have permitted him to amend the § 2255 petition to add nine additional issues, including various claims of ineffective assistance of trial and appellate counsel. The request to amend, however, was filed more than a month after the district court denied the § 2255 petition and thus was untimely.
 
 Denial of Rule 60(b) Motion
 
 10
 Finally, petitioner argues that his motion to reconsider the denial of his § 2255 petition should not have been treated as a motion for relief under Fed.R.Civ.P. 60(b). Petitioner failed to serve the government with a copy of the motion. Contrary to petitioner's argument, treating the motion for reconsideration as a Rule 60(b) motion was not a sanction; instead, it was a logical treatment of a post-judgment motion that was not timely served under Rule 59(e). See Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir.1992); United States v. Deutsch, 981 F.2d 299, 301 (7th Cir.1992). The fact that petitioner was proceeding pro se does not excuse his compliance with the rules of civil procedure. See McNeil v. United States, 508 U.S. 106 (1993).
 
 
 11
 Moreover, the motion for reconsideration provided no new information indicating that the DEA's Declaration was improper or somehow made petitioner a party to the administrative forfeiture proceedings. It was nothing more than a rehashing of the same arguments previously rejected by the district court. A Rule 60(b) motion is not a substitute for an appeal. McKnight v. United States Steel Corp., 726 F.3d 333, 338 (7th Cir.1984).
 
 Conclusion
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 The Honorable Albert J. Engel, United States Circuit Judge for the Sixth Circuit, is sitting by designation
 
 
 [3]
 This appeal has been assigned to the same panel as a successive appeal