142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of VMS LIMITED PARTNERSHIP SECURITIES LITIGATION
Appeal of John R. Kirwan, Carolyn Kirwan, Caroline S. Kirwan, et al.
 No. 97-1617.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued Sept. 16, 1997.
Decided March 19, 1998.
Rehearing Denied May 14, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 90 C 2412, James B. Zagel, Judge.
 Before Hon. RICHARD D. CUDAHY, Hon. JOEL M. FLAUM, and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 The district court permanently enjoined the appellants from prosecuting claims they had asserted in a state court case in Texas. The district court determined that the appellants were attempting to pursue claims they had released in a settlement of a class action that the court had approved. This is part of the VMS Partnership litigation (VMS Partners ) described In the Matter of: VMS Sec. Litig., 103 F.3d 1317, 1319-20 (7th Cir.1996) (VMS), albeit a different settlement involving other defendants.
 
 
 2
 The appellants are John R. Kirwan, Carolyn Kirwan, (the Kirwans) and the Trustees of the John R. Kirwan Trust (the Trust). They sued Connecticut General Life Insurance Company (Connecticut General) and Kathleen Hughes, one of Connecticut General's agents, in Texas state court. The dispute involved a life insurance policy the Kirwans bought on October 9, 1991, and placed in the Trust. The appellants' Texas court petition included allegations of material misrepresentations and omissions of fact regarding the policy in violation of Texas law (the Texas Claims).
 
 
 3
 A group of related defendants in VMS Partners moved to enjoin the appellants from pursuing their Texas claims. These were the "CIGNA Settling Defendants" (CIGNA): CIGNA Securities Inc., CIGNA Corporation, CIGNA Individual Financial Services Company, Insurance Company of North America, and CIGNA Realty Resources, Inc.-Sixth. Connecticut General and Kathleen Hughes are each a "CIGNA Entity," defined in a settlement notice of February 2, 1993, to include CIGNA, its affiliates and associates. According to CIGNA, the Kirwans belonged to a class of plaintiffs who had, as part of a settlement, released claims such as the Texas Claims--that is, any and all
 
 
 4
 claims, actions, allegations, causes of action, demands, defenses, counterclaims, set-offs (both legal and equitable), rights or liabilities whatsoever-including, but not limited to, known and unknown claims in connection with, arising out of, or in any way related to any acts, facts, transactions, occurrences, representations, or omissions that have been or might have been asserted in the Partnership Action, the Funds Action, the Financial Planning Action, or any of the Consolidated Actions--that in any way arise from or relate to the Partnership or Funds, to the interests in the Partnership or Funds, to the marketing and sale of those interests, to any financial planning agreements or investment advisory agreements entered into by or with any CIGNA Entity, to any financial planning or investment advice provided by or involving any CIGNA Entity, to any other securities, investments, policies, or products with which any CIGNA Entity has or had any involvement or role whatsoever,
 
 
 5
 excepting "contractual claims" by class members "for benefits or coverage under and in accordance with the terms of insurance policies or annuity contracts issued by the CIGNA Settling Defendants or their affiliates" (the Released Claims).
 
 
 6
 CIGNA contended that the Kirwans, the Trust and its Trustees were subject to a May 21, 1993, order of the district court approving the settlement and barring prosecution of any Released Claims, which included the Texas Claims. Under the settlement, the Kirwans were members of the "Financial Planning Class" consisting of all persons who entered into a financial planning arrangement with CIGNA Securities, Inc.; the Kirwans had paid $1,250 for a financial planning contract with CIGNA Securities in April of 1991. According to the petition in the Texas suit, as part of the financial planning arrangement between CIGNA Securities and the Kirwans, the Kirwans were induced to buy the life insurance policy.
 
 
 7
 In a three-page response to CIGNA's motion and supporting memorandum, the appellants asked the district court to deny the injunction for these reasons: (1) notice of the settlement was not provided to the Trust or Caroline Susan Kirwan as Trustee, (2) the Kirwans were unaware that they had a life insurance claim when they received the notice, (3) the notice did not mention life insurance, and (4) the Kirwans received no consideration for the release of claims against Connecticut General. The district court rejected the appellants arguments on the grounds that (1) the Trust and Trustees were successors and assignees to whom notice was not required, (2) the release clearly covered future and unknown claims, (3) the notice mentioned policies, which included life insurance policies, and finally that (4) the Kirwans did receive consideration, in the form of a right to claim a share of the settlement funds, a right they simply failed to timely exercise.
 
 
 8
 Either the All Writs Act, 28 U.S.C. § 1651(a), or the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, gave the district court jurisdiction over CIGNA's motion. The district court's memorandum opinion and order of May 21, 1993, used the same language quoted in VMS for the VMS Partners, see VMS, 103 F.3d at 1320, to retain jurisdiction to enforce the settlement. See id. at 1326 n. 4; Rivet v. Regions Bank, No. 96-1971, 118 S.Ct. 921, ---- n. 3, 1998 WL 71832 (Feb. 24, 1998), at * 6 n. 3. Upon timely request, we review interlocutory orders granting injunctions. See 28 U.S.C. § 1292(a)(1). After the appellants filed their timely notice of appeal, they filed untimely motions for reconsideration. We may not review orders while a timely motion for reconsideration is pending in the district court, but an untimely motion for reconsideration is another story. See Fed.R.App.P. 4(a)(4); Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir.1992). We therefore press on to consider whether the district court abused its discretion. See VMS, 103 F.3d at 1323.
 
 
 9
 Although the appellants raise a new argument before this court--that the notice the Kirwans received does not mention Connecticut General--most of the arguments they have preserved for appeal, see Jean v. Dugan, 20 F.3d 255, 265 (7th Cir.1994), are made in almost the identical, conclusory form as presented to the district court. Compare Br. for Appellants 7-11 with App. of Settling Def.'s-Appellees AA99-AA102. (1) Before this court, as before the district court, the appellants merely observe that no notice was sent to the Trust or to one of the Trust's trustees (although an approved notice appeared in the Wall Street Journal on March 4, 1993), without explaining the legal significance of the omission or citing any cases. This point is therefore waived. See, e.g., Mathis v. New York Life Ins. Co., 133 F.2d 546, 548 (7th Cir .1998) (per curiam). We note further that appellants do not argue that the Trust is not a successor or assignee of the Kirwans, that the Trust is not in privity with the Kirwans, see Sanders Confectionary Prods. v. Heller Fin., 973 F.2d 474, 481 (6th Cir.1992), or that CIGNA had notice of the assignment at the time of the settlement, see In re Fine Paper Lit., 632 F.2d 1081, 1091 (3d Cir.1980). As nonparties to the settlement, neither the Trust nor the Trustees could be held in contempt of the settlement order merely for having filed the Texas Claims unless they knew of the order. But they have notice now, and may become bound by the order by virtue of their privity with the Kirwans. See Rockwell Graphics Sys. v. Dev Indus., 91 F.3d 914, 919 (7th Cir.1996).
 
 
 10
 (2) The appellants argue that the term "Released Claims" "could not cover [a] claim[ ] that [they] could not have known about" at the time of the settlement. Wagner v. Nutrasweet Co., 95 F.3d 527, 533 (7th Cir.1996). But a release of "known and unknown" claims covers "claims that could arise." Id. (emphasis added). The plaintiffs do not explain what the reference to "unknown claims" in the settlement agreement refers to if it does not at least cover claims, based on conduct that occurred prior to the settlement, that were not "known" claims. Then too there are general releases and there are general releases. Some do not refer to unknown claims, and courts may resist inferring that such general releases, as a matter of law, extend to unknown claims. See, e.g., Beauvoir v. Rush-Presbyterian-St. Luke's Med. Ctr., 137 Ill.App.3d 294, 92 Ill.Dec. 110, 484 N.E.2d 841, 847 (Ill.App.Ct.1985). And the federal securities laws restrict released claims to "mature, ripened claims of which the releasing party had knowledge before signing the release." Goodman v. Epstein, 562 F.2d 388, 402 (7th Cir.1978). There may be other circumstances in which general releases should be construed narrowly, but the appellants have not referred us to any that apply here, much less established that a general release, however worded, is always limited to claims of which a party has actual or at least constructive knowledge. The appellants have not established that, as a matter of law, the Texas Claims are not Released Claims. Nor have they shown (or even suggested) that the district court's interpretation of the settlement language on this point was otherwise an abuse of its discretion.
 
 
 11
 (3) The district court concluded that the language in the settlement agreement covering "policies" included "life insurance policies," and so applied to the Texas Claims. We would consider whether this conclusion--although it seems sensible--was an abuse of discretion if the appellants suggested any reason why it was, but they do not. (4) For the same reason, we must accept the district court's conclusion that the option the Kirwans received was consideration for their release of Released Claims. The Kirwans do not contend that the option to submit a settlement claim was worthless at the time of the settlement. There is also no requirement that a class member submit a claim form before being bound by a class action settlement. See 3 Newberg on Class Actions §§ 16.20-16.25 (3d ed.1992).
 
 
 12
 The judgment is AFFIRMED.